IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. MCALLISTER<br><br>Plaintiff,<br><br>vs.<br><br>ADECCO GROUP N.A., TRANE SUPPLY CO., CURTIS L. BRUNK, and GARRETT MOCK,<br><br>Defendants. | CIVIL No. 16-00447 JMS-KJM<br><br>(1) ORDER DENYING: (i) PLAINTIFF'S REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT ADECCO GROUP N.A.; (ii) PLAINTIFF'S REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT TRANE SUPPLY CO. (A WHOLLY OWNED SUBSIDIARY OF INGERSOLL RAND); (iii) REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT CURTIS L. BRUNK; AND (iv) REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT GARRETT MOCK; AND<br><br>(2) FINDINGS AND RECOMMENDATION TO DENY: (i) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ADECCO GROUP N.A.; (ii) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TRANE SUPPLY CO. (A WHOLLY OWNED SUBSIDIARY OF INGERSOLL RAND; (iii) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CURTIS L. BRUNK; AND (iv) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GARRETT MOCK |

(1) ORDER DENYING: (i) PLAINTIFF'S REQUEST TO THE CLERK OF
COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT
ADECCO GROUP N.A.; (ii) PLAINTIFF'S REQUEST TO THE CLERK OF
COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT
TRANE SUPPLY CO. (A WHOLLY OWNED SUBSIDIARY OF INGERSOLL
RAND); (iii) REQUEST TO THE CLERK OF COURT, TO ENTER A
DEFAULT JUDGMENT AGAINST DEFENDANT CURTIS L. BRUNK; AND
(iv) REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT
JUDGMENT AGAINST DEFENDANT GARRETT MOCK; AND

(2) FINDINGS AND RECOMMENDATION TO DENY: (i) PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
ADECCO GROUP N.A.; (ii) PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT TRANE SUPPLY CO. (A
WHOLLY OWNED SUBSIDIARY OF INGERSOLL RAND; (iii) PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT
CURTIS L. BRUNK; AND (iv) PLAINTIFF'S MOTION FOR DEFAULT
<u>JUDGMENT AGAINST DEFENDANT GARRETT MOCK</u>

Plaintiff Willis C. McAllister filed (1) Requests to the Clerk of Court,

to Enter Default Judgment, and (2) Motions for Default Judgments against the

following four Defendants: Adecco Group N.A. ("Adecco"); Trane Supply Co.

("Trane"); Defendant Curtis L. Brunk; and Defendant Garrett Mock.

BACKGROUND

<u>Adecco and Trane</u>

On September 30, 2016, Mr. McAllister filed the following four

documents: (1) Plaintiff's Request to the Clerk of Court, to Enter a Default

Judgment against Defendant Adecco Group N.A. ("Request for Entry of Default

Against Adecco"); (2) Plaintiff's Motion for Default Judgment against Defendant

Adecco Group N.A.; (3) Plaintiff's Request to the Clerk of Court, to Enter a

Default Judgment against Defendant Trane Supply Co. (a Wholly Owned

Subsidiary of Ingersoll Rand) ("Request for Entry of Default Against Trane"); and

(4) Plaintiff's Motion for Default Judgment against Defendant Trane Supply Co. (a

Wholly Owned Subsidiary of Ingersoll Rand).  *See* ECF Nos. 19-22.  Mr.

McAllister called the Clerk's Office on the same day and informed the Clerk's

office that the "Requests to the Clerk of Court, to Enter Default Judgment" against

Adecco and Trane were "Requests for Entry of Defaults," not Requests for Default

Judgments.

On October 11, 2016, Trane filed its Opposition to the Motion for

Default Judgment against Trane.  *See* ECF No. 23.  Mr. McAllister filed his Reply

to Trane's Opposition on October 27, 2016.  *See* ECF No. 27.

On October 20, 2016, Adecco filed its Opposition to Plaintiff's

Motion for Default Judgment against Adecco.  *See* ECF No. 30.  Mr. McAllister

filed his Reply to Adecco's Opposition on October 31, 2016.  *See* ECF No. 37.

Defendant Brunk and Defendant Mock

On October 17, 2016, Mr. McAllister filed a Request to the Clerk of

Court, to Enter a Default Judgment against Defendant Curtis L. Brunk, and a

Motion for Default Judgment against Defendant Curtis L. Brunk.  *See* ECF Nos.

28-29.  The Court construes the Request to the Clerk of Court, to Enter a Default

Judgment against Defendant Curtis L. Brunk as a Request for Entry of Default

Judgment against Defendant Curtis L. Brunk.  Defendant Brunk filed his

Opposition on October 31, 2016.  *See* ECF No. 35.

On October 31, 2016, Mr. McAllister filed a Request to the Clerk of

Court, to Enter a Default Judgment against Defendant Garrett Mock, and a Motion

for Default Judgment against Defendant Garrett Mock.  *See* ECF Nos. 38-39.  The

Court construes Mr. McAllister's Request to the Clerk of Court, to Enter a Default

Judgment against Defendant Garrett Mock, as a Request for Entry of Default

Judgment against Defendant Garrett Mock.  *See* ECF Nos. 38-39.

On November 7, 2016, Mr. McAllister filed a First Amended

Complaint against Adecco Group N.A., Adecco USA Inc., Trane Supply Co.,

Trane U.S. Inc., Ingersoll Rand Inc., Curtis L. Brunk, Shawna Huddy.  *See* ECF

No. 43.  On November 17, 2016, Mr. McAllister voluntarily withdrew the FAC

without prejudice.  *See* ECF No. 49.

The Court finds this matter suitable for disposition without a hearing

pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States

District Court for the District of Hawaii.  For the reasons discussed below, the

Court: (1) DENIES the Requests for Entry of Default Judgment against Adecco,

Trane, Defendant Brunk, and Defendant Mock; and (2) FINDS and

RECOMMENDS that the district court DENY the Motions for Default Judgment

against Adecco, Trane, Defendant Brunk, and Defendant Mock.

DISCUSSION

## I.  Entry of Default

Mr. McAllister seeks entry of default against Adecco, Trane, Defendant Brunk, and Defendant Mock (collectively, "Defendants").   The Court has an affirmative obligation to determine whether it has personal jurisdiction over Defendants before considering default.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").  "A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rules of Civil Procedure Rule 4."  *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).  Here, the Court finds that entry of default against Defendants is not appropriate because Plaintiff failed to properly serve Defendants in this action.

## A.  Service Fails Under Rule 4(c)

Rule 4(c)(2) of the Federal Rules of Civil Procedure ("FRCP") provides that any person who is at least 18 years old and not a party may serve a summons and complaint.  Mr. McAllister is a party and thus, may not serve the summons and complaint on Defendants.  *Grimes v. Barber*, No. C 12-3111 CW, 2013 WL 752633, at *3 (N.D. Cal. Feb. 27, 2013) ("All attempts at service here

have been carried out by Plaintiff himself.  Because Plaintiff is a party to this

action, his attempts at service were ineffective and were not in substantial

compliance with Rule 4.").

Based on the record, it appears that Mr. McAllister personally mailed

the summons and complaint to Defendants as evidenced by his own signature

under "Server's signature" in the filed Proofs of Service.  *See* ECF Nos. Nos. 12,

13, 17, 18.  By personally effectuating service on Defendants, Mr. McAllister

violated Rule 4(c)(2), and thus, Defendants have not been properly served in this

case.  *See Reading v. United States*, 506 F.Supp.2d 13, 19 (D.D.C. 2007) ("Rule 4

is not so wide in scope as to encompass the notion of a plaintiff (even one

proceeding pro se) effectuating service by Certified Mail via the Post Master

General . . . .") (internal quotations and internal brackets omitted).

B.  Service Fails Under Rule 4(a) and 4(b)

Mr. McAllister also failed to effectuate proper service on Defendants

pursuant to FRCP Rule 4(a) and 4(b).  FRCP Rule 4(a)(1)(B) requires that a

summons be directed to the defendant.  FRCP Rule 4(b) requires that a summons

be issued for each defendant to be served.  Finally, FRCP Rule 4(a) requires that

the summons be signed by the clerk and bear the Court's seal.  Only the court may

permit a summons to be amended.  Fed. R. Civ. P. 4(a)(2).

Mr. McAllister first submitted a summons as to Trane on August 15,

2016, which the Clerk of Court signed, sealed and delivered to Mr. McAllister to

serve Trane on the same day.  *See* ECF No. 8-1.  He then requested that the Clerk

of Court reissue the summons as to Trane on September 6, 2016, which the Clerk

of Court did reissue on September 7, 2016.  *See* ECF No. 15.  McAllister also

submitted a summons as to Defendant Mock, which the Clerk of Court signed,

sealed, and issued to Mr. McAllister on September 7, 2016.  *See* ECF No. 14.

Notwithstanding these properly completed summonses that were signed, sealed,

and issued to Mr. McAllister for service on Trane and Defendant Mock, Mr.

McAllister altered the summonses that were eventually mailed by certified mail to

Trane and Defendant Mock.  ECF Nos. 17-18.

      It appears from the Proof of Service filed by Mr. McAllister on

September 25, 2016, that Mr. McAllister attempted to serve Defendant Mock

through Trane's attorneys in Honolulu, Jackson Lewis P.C., ALC ("Jackson

Lewis"), but that Jackson Lewis refused service.  *See* ECF No. 17.  Mr. McAllister

then scratched out Defendant Mock's name and Jackson Lewis' address on the

summons issued to him on September 7, 2016, and inserted Ingersoll Rand's name

and addressed it to "Angel S. Willis" in North Carolina.  Trane contends that Trane

is a "wholly owned subsidiary of Ingersoll Rand" and that Angel S. Willis is the

Deputy General Counsel for Ingersoll Rand in North Carolina.  ECF No. 23 at 3, 6.

      Mr. McAllister similarly scratched out the original name and address

on the summons issued to him to serve Trane on August 15, 2016 (rather than the

September 7, 2016 reissued summons), and again inserted Ingersoll Rand's name

and an address in North Carolina, but addressed this summons to "Attorney Makila S. Scruggs."  ECF No. 18.  Accordingly, not only did he improperly alter the summonses before they were served, but he also failed to direct the summonses to the proper defendants, Trane and Defendant Mock.

The Court understands that Mr. McAllister is proceeding *pro se*; however, he, like all other litigants coming before this court, are bound by the rules of procedure.  *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); LR83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.).   Proper legal service of process starts with a completed summons that has been signed and sealed by the Clerk of Court.  *See* Fed. R. Civ. P. 4(b); *Pathak v. Exotic Meat Mkt., Inc*., No. 216CV00368JADVCF, 2016 WL 3219869, at *1 (D. Nev. June 6, 2016) ("A summons is a legal document issued by the Clerk of Court.  It cannot be altered except by the Clerk of Court."). Mr. McAllister may not alter a federal document to suit his needs.

The Court finds that not only does Mr. McAllister's service on Trane and Defendant Mock fail because he violated Rule 4(c)(2) by personally serving the summons and complaint, Mr. McAllister's service on Trane and Defendant Mock also fails because: (1) he violated Rule 4(a)(1)(B) by failing to direct the summons to the named defendants he was seeking to serve, Trane and Defendant

Mock; and (2) he violated Rules (4)(a)(1) and 4(a)(2) by improperly altering the summons issued to him by the Clerk of Court to serve Trane and Defendant Mock.

C.  Service Fails Under Rule 4(e) and 4(h)

Finally, Mr. McAllister also failed to effectuate proper service on Defendants pursuant to FRCP Rules 4(e) and 4(h).  While Rule 4(c)(2) governs *who* may effect service, Rules 4(e) and 4(h) govern *how* service may be effected against a party.  *See Otto v. United States*, 2006 WL 2270399, at *2 (D.D.C. 2006) (explaining that while "Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service") (emphasis in original).

Rule 4(e) directs how a plaintiff must effectuate service on individuals within the judicial of the United States, while Rule 4(h) directs how a plaintiff must effectuate service on corporations.

Under Rule 4(e), a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  A plaintiff may also effect service by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2).  Although the Federal Rules do not expressly define the

term 'delivery' under Rule 4(h)(1)(B), courts have determined that Rule 4 requires

personal service."  *McAllister v. Hawaiiana Mgmt. Co., Ltd*., No. CV 11-00056

DAE-KSC, 2012 WL 292955, at *12 (D. Haw. Jan. 30, 2012).

 Here, Mr. McAllister attempted to serve by certified mail: (1)

Defendant Brunk in Hawaii; (2) Trane and Defendant Mock in North Carolina; and

(3) Adecco in Florida.  *See* ECF Nos. 12, 17.  Accordingly, service would have

been effective if he had not violated the rules discussed above, and only if Hawaii

state law or the law of the state in which Mr. McAllister attempted service permits

service of process by certified mail.

 First, absent waiver pursuant to FRCP Rule 4(d)(1), a plaintiff may

not serve an individual or corporation by certified mail under Hawaiʻi law.  *Au v.

Republic State Mortg. Co*., No. CIV. 11-00251 JMS, 2012 WL 628843, at *2 (D.

Haw. Jan. 31, 2012), *adopted by*, No. CIV. 11-00251 JMS, 2012 WL 612364 (D.

Haw. Feb. 24, 2012) (citing Haw. R. Civ. P. 4(d)(1)).  The Court has previously

informed Mr. McAllister that "mailing a copy of a complaint does not meet the

requirements under FRCP 4(h) or HRCP 4(d)."  *McAllister*, 2012 WL 292955, at

*12.  Nonetheless, Mr. McAllister attempted to serve Defendants by certified mail.

Thus, Mr. McAllister failed to effectuate proper legal service on Defendants under

Hawaii state law.  The Court again stresses to Mr. McAllister that he cannot

effectuate proper legal service in Hawaii to an individual or a corporation by certified mail.

Second, in North Carolina, the state in which Mr. McAllister attempted service on Trane and Defendant Mock, a plaintiff may serve an individual by certified mail in North Carolina; however, the plaintiff must request a return receipt, and the summons and the complaint must be addressed to the party to be served. *See* N.C. Gen. Stat. Ann. 1A-1, 4(j)(1)(c) (providing that one of the methods of serving a "natural person" is "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee").

Here, Mr. McAllister did not request a return receipt, and the summons and the complaint was not addressed to the party to be served, Defendant Mock. Rather, the summons originally issued to Plaintiff to serve Defendant Mock was altered and addressed to Ingersoll Rand. *See* ECF Nos. 17, 18. Accordingly, Mr. McAllister failed to properly serve Defendant Mock under North Carolina state law.

Regarding Mr. McAllister's attempted service on Trane in North Carolina, Mr. McAllister's similarly failed to properly serve Trane under North Carolina state law. Under North Carolina state law, plaintiffs may effect service on a corporation by: "(a) delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies

thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office, or "(b) delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute."  N.C. Gen. Stat. Ann. 1A-1, 4(j)(6).   A plaintiff may also mail "a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b [above]."  *Id.*

Mr. McAllister attempted to serve Trane by mailing a copy of the summons and complaint by certified mail to Ingersoll Rand, and addressed it to "Attorney Makila S. Scruggs," rather than addressing it to an "officer, director, or managing agent" of Trane.  ECF No. 18-2.  In addition, he failed to request a return receipt.  Accordingly, Mr. McAllister failed to properly serve the summons on Trane pursuant to North Carolina state law.

Finally, Mr. McAllister failed to properly serve Adecco under the laws of Florida, the state where he attempted to serve Adecco.  Under Florida state law, process against any private corporation in Florida may be served based on a hierarchical system as follows:

a. On the president or vice president, or other head of the corporation;
b. In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
c. In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

d. In the absence of any person described in paragraph (a), paragraph (b), or paragraph, on any officer or business agent residing in the state.

Fla. Stat. § 48.081.  The purpose of the hierarchy set forth in Section 48.081 is to "have the service made upon some one who is held responsible by the corporation and it contemplates that service shall be made, whenever possible, upon the more responsible officers before resorting to service upon one of the inferior officers or agents of the corporation."  *Emery Worldwide, Inc. v. Indem. Ins. Co. of N. Am.*, 797 So.2d 623, 624 (Fla. Dist. Ct. App. 2001) (citations omitted).  Florida courts strictly construe statutes governing service of process and "valid service on a corporation may be effected only by complying with such statutes."  *Bank of Am., N.A. v. Bornstein*, 39 So.3d 500, 502 (Fla. Dist. Ct. App. 2010).

Here, Mr. McAllister served Adecco through whom Mr. McAllister lists as a paralegal, Kimberly A. Raffield.  There is no evidence that Adecco's president, vice president, or other head of the corporation was unavailable to serve process.  Accordingly, Mr. McAllister failed to properly serve Adecco under Florida state law.

Mr. McAllister's attempted service on Defendants did not comply with FRCP Rule 4, Hawaii state law, North Carolina State law, nor Florida state law.  Accordingly, Mr. McAllister failed to properly serve any of the Defendants. The Court finds that it does not have personal jurisdiction over Defendants; thus, entry of default is not appropriate.

13

The Court strongly urges Mr. McAllister to carefully review Rule 4 of the Federal Rules of Civil Procedure.  Failure to properly serve each of the defendants may result in dismissal of the case.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  If Mr. McAllister wishes to utilize mail as a means to notify defendant of the lawsuit, Mr. McAllister may request that the defendants named in his FAC waive service of the summons pursuant to Rule 4(d)(1); however, Mr. McAllister must comply with the requirements of Rule 4(d)(1) to do so.

Mr. McAllister filed his complaint against Adecco, Defendant Brunk, Defendant Mock, and Trane on August 9, 2016.  ECF No. 1.  The time to serve Defendants has now passed; however, the Court grants Mr. McAllister an additional thirty (30) days to serve Defendants.

Finally, the Court notes that Mr. McAllister filed the Motions for Default Judgments against Defendants at the same time that he filed his Requests for Entry of Default against Defendants.  Entry of default judgment is "a 'two-step process,' consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment."  *Hofelich v. Lacy,* 2014 WL 2115219, at *1 (D. Haw. Mar. 25, 2014) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986), and *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir.

2009)).  Mr. McAllister may not file a motion for default judgment until the Clerk of Court has entered default against a defendant.  *See McHugh*, 2015 WL 620168, at *1 ("Because default has not been entered against Defendant, Plaintiff may not obtain default judgment.").

Because the Court FINDS that Mr. McAllister's service on Defendants was insufficient and thus, entry of default is improper in this case, the Court RECOMMENDS that the district court deny the Motions for Default Judgment against Adecco, Trane, Defendant Mock, and Defendant Trunk.

## CONCLUSION

The Court finds that Mr. McAllister failed to properly serve Defendant Adecco Group N.A., Defendant Trane Supply Co., Defendant Curtis Brunk, and Defendant Garrett Mock.  Accordingly, the Court:

1.  DENIES Mr. McAllister's Requests for Entry of Default Judgment against Defendant Adecco Group N.A., Defendant Trane Supply Co., Defendant Curtis Brunk, and Defendant Garrett Mock; and

2.  FINDS and RECOMMENDS that the district court DENY Mr. McAllister's Motion for Default Judgment against Defendant Adecco Group N.A., Defendant Trane Supply Co., Defendant Curtis Brunk, and Defendant Garrett Mock.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, November 22, 2016.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CIVIL NO. 15-00015 LEK-KJM; *McAllister v. Adecco Group*, et al; (1) ORDER DENYING: (i) PLAINTIFF'S REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT ADECCO GROUP N.A.; (ii) PLAINTIFF'S REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT TRANE SUPPLY CO. (A WHOLLY OWNED SUBSIDIARY OF INGERSOLL RAND); (iii) REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT CURTIS L. BRUNK; AND (iv) REQUEST TO THE CLERK OF COURT, TO ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT GARRETT MOCK; AND
(2) FINDINGS AND RECOMMENDATION TO DENY: (i) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ADECCO GROUP N.A.; (ii) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TRANE SUPPLY CO. (A WHOLLY OWNED SUBSIDIARY OF INGERSOLL RAND; (iii) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT CURTIS L. BRUNK; AND (iv) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GARRETT MOCK