IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. MCALLISTER,<br><br>               Plaintiff,<br><br>     vs.<br><br>ADECCO GROUP N.A.; TRANE SUPPLY CO.; CURTIS L. BRUNK; GARRETT MOCK,<br><br>               Defendants. | CIV. NO. 16-00447 JMS-KJM<br><br>ORDER: (1) DENYING PLAINTIFF'S APPEAL OF THE ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT; AND (2) ADOPTING THE FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT |

**ORDER: (1) DENYING PLAINTIFF'S APPEAL OF THE ORDER DENYING PLAINTIFF'S REQUESTS FOR ENTRY OF DEFAULT; AND (2) ADOPTING THE FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT**

On November 22, 2016, Magistrate Judge Kenneth J. Mansfield issued an Order denying Plaintiff Willis C. McAllister's ("Plaintiff") requests to enter default against Defendants Adecco Group N.A., Trane Supply Co., Curtis L. Brunk, and Garrett Mock[1] (collectively, "Defendants"), and Findings and Recommendation to deny Plaintiff's motions for default judgment against Defendants. ECF No. 56. On December 5, 2016, Plaintiff filed a document which the court construes as both an Appeal of the Order and an Objection to the Findings and Recommendation. ECF No. 66. Defendants filed Oppositions on

---

[1] By agreement of the parties, Defendant Mock was dismissed as a party to this action on December 14, 2016. *See* ECF No. 77.

December 15 and 21, 2016.  ECF Nos. 76, 80.  Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

Any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); LR 74.1.  Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); LR 74.1.  The threshold of the "clearly erroneous" test is high and significantly deferential.  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *Matthews v. Chevron Corp.,* 362 F.3d 1172, 1180 (9th Cir. 2004); *Hasegawa v. Hawaii*, 2011 WL 6258831, at *1 (D. Haw. Dec. 14, 2011).

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he

2

district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Here, the court finds that Magistrate Judge Mansfield's determinations -- that Plaintiff's service on Defendants was insufficient and therefore Plaintiff was not entitled to entry of default against Defendants -- were both factually and legally correct.  In short, his order was neither "clearly erroneous" nor "contrary to law."  Further, after de novo review and for the reasons set forth by Magistrate Judge Mansfield, the court agrees that Plaintiff may not obtain default judgment without first obtaining entry of default.

Accordingly, the court DENIES Plaintiff's Appeal and ADOPTS the Findings and Recommendation that Plaintiff's motions for default judgment be denied.  Plaintiff is granted an extension of time to January 31, 2017 to serve Defendants.  The court notes that Defendant Trane has represented that it will accept "virtual" service of the Complaint on January 3, 2017, without requiring Plaintiff to file a return of service.  *See* ECF No. 76.  In other words, Plaintiff need

///

///

not take any further action to effect proper service on Defendant Trane.  The

deadline to serve all other remaining Defendants is January 31, 2017.[2]

       IT IS SO ORDERED.

       DATED:  Honolulu, Hawaii, December 29, 2016.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*McAllister v. Adecco Grp. N.A., et al.*, Civ. No. 16-00447 JMS-KJM, Order: (1) Denying Plaintiff's Appeal of the Order Denying Plaintiff's Requests for Entry of Default; and (2) Adopting the Findings and Recommendation to Deny Plaintiff's Motions for Default Judgment

---

[2] The court also notes that Defendant Adecco represents that it intends to seek a stipulation from the parties to name the correct Adecco entity as the defendant in this action.  *See* ECF No. 80.  Counsel for Defendants Adecco and Brunk indicates that they are authorized to accept service on behalf of the properly named Adecco entity and Brunk.  *Id.*