cc: JMS
mailed filed copy to x

Willis C. McAllister
1111 Piikoi Street
Honolulu, Hawaii 96814
mcallister20032003@yahoo.com
Ph # 808-341-8117



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 08 2017
at 11 o'clock and 23 min, P M
SUE BEITIA, CLERK

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WILLIS C. MCALLISTER<br><br>Plaintiff<br><br>vs.<br><br>**ADECCO U.S.A. INC.** (d/b/a, a/k/a, ADECCO GROUP N.A., ADECCO, ADO STAFFING, ADECCO INC., and ADECCO S.A.),<br>**ADECCO GROUP A.G.**,<br>**TRANE U.S. INC.** (d/b/a, a/k/a, TRANE, TRANE SUPPLY CO., TRANE NW HAWAII and HAWAII TRANE),<br>**INGERSOLL RAND,**<br>**CURTIS L. BRUNK** (an individual), and **SHAWNA Q. HUDDY** (an individual).<br><br>Defendant(s) | § | **CIVIL CASE # 16-00447 JMS KJM**<br><br>PLAINTIFF'S APPEAL OF THIS COURT'S 5/10/2017 ORDER (#188), THAT **DENIED *WITH* PREJUDICE** PLAINTIFF'S **TITLE VII CLAIMS** AGAINST PROPOSED DEFENDANTS, AND THAT **DENIED *WITHOUT* PREJUDICE PLAINTIFF'S § 1981 CLAIMS** AGAINST THE PROPOSED DEFENDANTS.<br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED**<br><br>**CHIEF JUDGE: J. M. SEABRIGHT** |

PLAINTIFF'S APPEAL OF THIS COURT'S 5/10/2017 ORDER (#188), THAT **DENIED *WITH* PREJUDICE** PLAINTIFF'S **TITLE VII CLAIMS** AGAINST THE PROPOSED DEFENDANTS, AND THAT **DENIED *WITHOUT* PREJUDICE PLAINTIFF'S §1981 CLAIMS** AGAINST THE PROPOSED DEFENDANTS.

Comes now, Plaintiff Willis C. McAllister, with this appeal of the Court's 5/10/2017 Order (Docket Entry # 188).

## STANDARDS OF REVIEW

Reconsideration is permitted only on the following grounds:

(A) **DISCOVERY OF NEW MATERIAL FACTS PREVIOUSLY NOT AVAILABLE;**

(B) **INTERVENING CHANGE IN LAW;**

(C) **MANIFEST ERROR OF LAW OR FACT.**

See Local Rule 60.1; see also Sierra Club, Haw. Chapter v. City & Cnty. of Honolulu, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2007)

## APPEAL ISSUE # I

Plaintiff acknowledges and agrees with the Court, that Shawna Q. Huddy can not be sued for individual liability under Title VII. *See* Indest v. Freeman Decorating, Inc., 164 F.3d 258, 267 (5th Cir. 1999); Hiller v. Brown, 177 F.3d 542,

545-46 (6th Cir. 1999); Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 494 (7th Cir. 1998); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998); Lissau v. S. Food Serv. Inc., 159 F.3d 177, 181 (4th Cir. 1998); Lenhardt v. Basic Inst. of Tech., Inc., 55 F.3d 377, 381 (8th Cir. 1995); Gary v. Long, 59 F.3d 1391, 1398 (D.C. Cir. 1995); Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993) (all refusing to recognize individual liability). As a result, **Plaintiff is not asserting an individual liability Title VII claim, against Shawna Q. Huddy.**

## APPEAL ISSUE # II

Plaintiff asserts to the Court, that the proposed Defendant Adecco Group, N.A., can not be sued for liability under Title VII, because the proposed Defendant did not have notice of this lawsuit against them, within the period required by Rule 4(m), thus, apparently, eliminating an "alter ego" offense, as well. Accordingly (unlike 42 U.S.C. § 1981), Plaintiff will not pursue Title VII claims against the proposed Defendant, Adecco Group, N.A.,

## APPEAL ISSUE # III

*Also*, Plaintiff **does not disagree** with the portion of the Court's 5/10/2017 order that **DENIED *WITHOUT* PREJUDICE PLAINTIFF'S §1981 CLAIMS**

AGAINST THE "PROPOSED DEFENDANTS". The proposed defendants, *were deemed as such by the Court* in its 3/15/2017 order (Docket # 126), are Adecco A.G., Ingersoll Rand, Inc., and Shawna Q. Huddy.

| | | |
|---|---|---|
| 03/15/2017 | **126** | **ORDER STRIKING IMPROPERLY ADDED PARTIES re: 117 Amended Complaint.** Signed by **CHIEF JUDGE J. MICHAEL SEABRIGHT on 3/15/2017. (afc)** "[T]he court STRIKES Defendants Adecco Group A.G., Ingersoll Rand, Inc., and Huddy [Shawna Q. Huddy] (and all claims relating to them) from this action. If Plaintiff wishes to add new parties and/or claims, he must first seek leave in accordance with Federal Rule of Civil Procedure 15." PARTY-DEFENDANTS TERMINATED: Adecco Group A.G.; Ingersoll Rand, Inc. and Shawna Q. Huddy |

## APPEAL ISSUE # IV

Plaintiff asserts to the Court that his Title VII claims against Trane's parent company "Ingersoll Rand" relates back to his Original Complaint. *Pro se* complaints must be construed liberally, with all allegations of material fact accepted as true and construed in the light most favorable to the plaintiff. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir. 2000). The following 5/4/2015 correspondence, is part of a series of letters that was exchanged between the EEOC and "Trane's" parent company "Ingersoll Rand", confirming once again, that there is overwhelming evidence in the record, to support that the Defendant had notice of the suit within the period required by Rule 4(m), and his Title VII claim against "Ingersoll Rand, **are not time-barred**. In addition, the correspondence below, demonstrates that the Defendant knew *and* should have known, that the Plaintiff

(McAllister), would have sued them originally, but for not for **mistakes** made by the *Pro Se* Plaintiff.

---



Makila Sands Scruggs
Assistant General Counsel –
Labor & Employment
800-E Beaty St.
Davidson, NC 28036
Direct Dial: (704) 990-3062
Email: makila.scruggs@irco.com

May 4, 2015

RECEIVED
MAY 11 2015
[HCRC HILO]

**VIA U.S. REGULAR MAIL**
Mr. William D. Hoshijo
Executive Director
Hawaii Civil Rights Commission
830 Punchbowl Street
Suite 411
Honolulu, HI 96813-5095

Re:  Willis McAllister v. Trane Supply
    FEPA No.:        18572
    EEOC Charge No.: 486-2015-00213

Dear Mr. Hoshijo:

I am in receipt of the above-referenced charge of discrimination filed by the Charging Party, Willis McAllister. I will respond on behalf of Respondent, Trane U.S. Inc. However, due to other work obligations, I am in need of a two week extension in order to properly respond to the allegations. I am therefore requesting upto and including, May 15, 2015 to respond to the charge.

Sincerely,

Makila Scruggs

---

The letterhead confirms it's from the Defendant's Parent Company (**Ingersoll Rand, Inc.**), corporate offices, located in Davidson North Carolina. The written communication was on letterhead from the Defendant's Parent Company, corporate

offices, located in Davidson North Carolina. This letter was issued "on behalf of" Trane Supply Co. Because there is nothing to demonstrate otherwise, the evidence suggests the two entities streamlined their labor relations and personnel to the extent that the Ingersoll Rand was a resource for employees of both companies and litigation issues, explaining why the EEOC charge was addressed by/through the general counsel for Defendant, at their **in Davidson North Carolina** location. *Further*, "The Relation Back Doctrine" under Rule 15(c) is appropriate in a case of mistaken identity. "In the recent Supreme Court case Krupski v. Costa Crociere S.p.A., an injured plaintiff had originally sued Costa Cruise Lines as the owner and operator of the cruise ship on which she was injured, but she later discovered that the ship was actually owned by Costa Crociere S.p.A. **130 S. Ct. 2485, 2494 (2010).** The Supreme Court held that Costa Crociere should have known that the plaintiff's failure to name it as a defendant in her original complaint was due to a mistake concerning the proper party's identity. Id. at 2498. **According to the Supreme Court, <u>the critical inquiry is "what the prospective defendant knew or should have known during the Rule 4(m) period [120 days],</u>** *<u>not</u>* **<u>what the plaintiff knew or should have known at the time of filing her original complaint</u>.**" Id. At 2493. If the prospective defendant knew or should have known that its exclusion from the lawsuit was

"only because of [Plaintiff's] misunderstanding," then it may properly be added. Id. at 2497 ..." *Moreover*, the Supreme Court has explained that Rule 15(c) "mandates relation back once the Rule's requirements are satisfied; **it does not leave the decision whether to grant relation back to the district court's equitable discretion**." Krupski, 130 S. Ct. at 2496. *also see* Willis C. Mcallister v. Hawaiiana Management Co., Ltd., *and* AOAO Royal Capital Plaza; No. 11-00056 DAE-KSC (D.Haw. 2012).

Plaintiff appreciates this opportunity, to further narrow the issues in this action.

Respectively submitted by,

W.C. McAll— 6/8/2017

Willis C. McAllister – Plaintiff *PRO SE*
1111 Piikoi Street
Honolulu, Hawaii 96814
mcallister20032003@yahoo.com
Ph # 808-341-8117

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIS C. MCALLISTER <br><br> Plaintiff <br><br> vs. <br><br> **ADECCO U.S.A. INC.** (d/b/a, a/k/a, ADECCO GROUP N.A., ADECCO, ADO STAFFING, ADECCO INC., and ADECCO S.A.), **ADECCO GROUP A.G., TRANE U.S. INC**. (d/b/a, a/k/a, TRANE, TRANE SUPPLY CO., TRANE NW HAWAII and HAWAII TRANE), **INGERSOLL RAND, CURTIS L. BRUNK** (an individual), and **SHAWNA Q. HUDDY** (an individual). <br> Defendant(s) | **CIVIL CASE # 16-00447 JMS KJM** <br><br> PLAINTIFF'S APPEAL OF THIS COURT'S 5/10/2017 ORDER (#188), THAT **DENIED *WITH* PREJUDICE** PLAINTIFF'S **TITLE VII CLAIMS** AGAINST PROPOSED DEFENDANTS, AND THAT **DENIED *WITHOUT* PREJUDICE PLAINTIFF'S § 1981 CLAIMS** AGAINST THE PROPOSED DEFENDANTS. <br><br><br><br><br><br><br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that, on Thursday (**June 8, 2017**), I dispatched a copy of the foregoing **Appeal**, via email, to Sarah Wang **swang@marrjones.com**, at 1003 Bishop Street, Suite 1500 Honolulu, Hawaii 96813, and Andrew L. Pepper (c/o Gray Christian P. **christian.gray@jacksonlewis.com**), 1088 Bishop St., Suite 4100 Honolulu, Hawaii 96813.

_____
Willis C. McAllister
1111 Piikoi Street
Honolulu, Hawaii 96814
mcallister20032003@yahoo.com
Ph # 808-341-8117