IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIS C. MCALLISTER, | Civ. No. 16-00447 JMS-KJM |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING MAGISTRATE JUDGE'S MAY 10, 2017 ORDER |
| vs. | |
| ADECCO USA INC.; ET AL., | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S APPEAL AND AFFIRMING MAGISTRATE JUDGE'S MAY 10, 2017 ORDER

### I. INTRODUCTION

Pro se Plaintiff Willis C. McAllister ("Plaintiff") appeals Magistrate Judge Kenneth J. Mansfield's May 10, 2017 "Order Denying Plaintiff's Revised Motion for Leave to File Second Amended Complaint" (the "May 10 Order"), ECF No. 188. Because the May 10 Order is neither clearly erroneous nor contrary to law, Plaintiff's Appeal is DENIED, and the May 10 Order is AFFIRMED.

### II. BACKGROUND

On August 9, 2016, Plaintiff filed a "Complaint for Employment Discrimination," ECF No. 1, and a document titled "Plaintiff's Original Complaint," ECF No. 2 (collectively, the "Complaint"), alleging race discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. On February 9, 2017, this court dismissed the § 1981 claims asserted against Defendant Trane U.S., Inc. ("Trane"), and granted Plaintiff leave to amend (the "February 9 Order"). ECF No. 188. The February 9 Order provided that "[a]n amended complaint may not add any new parties or claims." *Id.* at 7.

On March 10, 2017, Plaintiff filed a First Amended Complaint ("FAC") adding new defendants -- Adecco Group A.G.; Ingersoll Rand, Inc. ("Ingersoll Rand"); and Shawna Q. Huddy ("Huddy"). ECF No. 117. On March 15, 2017, the court struck these new defendants and advised Plaintiff that "[i]f [he] wishes to add new parties and/or claims, he must first seek leave in accordance with Federal Rule of Civil Procedure 15." ECF No. 126 at 3. On March 22, 2017, Plaintiff filed a Revised Motion for Leave to File Second Amended Complaint ("SAC").[1] ECF No. 147. The proposed SAC sought leave to add the three defendants previously stricken (collectively, the "Proposed Defendants"). *Id.* at 2.

The May 10 Order denied with prejudice Plaintiff's Revised Motion to the extent it sought to assert Title VII claims against the Proposed Defendants. *See* ECF No. 188 at 7, 10. The magistrate judge ruled that Plaintiff's Title VII

---

[1] Plaintiff's initial motion seeking leave to file a second amended complaint, ECF No. 128, was denied without prejudice for failure to reproduce the entire proposed amended pleading as required by Rule 10.3 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("LR"). ECF No. 135.

claims are futile because they are time-barred and do not relate back to the original Complaint under Federal Rule of Civil Procedure 15(c)(1)(C). *Id.* at 4-7. The May 10 Order denied without prejudice the Revised Motion to the extent it sought to assert § 1981 claims against the Proposed Defendants. *Id.* at 9, 10.

On May 24, 2017, Plaintiff filed a "Motion for Extension of Time to File an Appeal" of the May 10 Order, ECF No. 204, which this court construed as a timely appeal. ECF No. 205. The court then granted Plaintiff additional time to file a supporting memorandum. *Id.* On June 8, 2017, Plaintiff filed his supporting memorandum ("Appeal"). ECF No. 215. Trane filed its Opposition on June 16, 2017, ECF No. 218, and Defendant Adecco USA, Inc. ("Adecco") filed its Opposition on June 21, 2017, ECF No. 222.

## III. **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and LR 74.1, any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Akey v. Placer Cty.*, 2017 WL 1831944, at *10 (E.D. Cal. May 8, 2017) (citation and quotation marks omitted). And an order is "clearly erroneous" if, after review,

3

the court has a "definite and firm conviction that a mistake has been committed."
*Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011); *Cochran v. Aguirre*, 2017 WL 2505230, at *1 (E.D. Cal. June 9, 2017) (citing cases). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993). Thus, the district court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991); *Cochran*, 2017 WL 2505230, at *1.

"'Pretrial orders of a magistrate' judge 'under § 636(b)(1)(A) . . . are not subject to a de novo determination.'" *Hypolite v. Zamora*, 2017 WL 68113, at *1 (E.D. Cal. Jan. 6, 2017) (quoting *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)). Consideration by the reviewing court of new evidence, therefore, is not permitted. *United States ex rel. Liotine v. CDW Gov't, Inc.*, 2013 WL 1611427, at *1 (S.D. Ill. Apr. 15, 2013) ("If the district court allowed new evidence [on review of a magistrate judge's non-dispositive order], it would essentially be conducting an impermissible *de novo* review of the order."); *cf. United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (determining that "a district court has discretion, but is not required, to consider evidence presented for

4

the first time" in a de novo review of a magistrate judge's dispositive recommendation).

## IV. **DISCUSSION**

Plaintiff identifies the exact issues he is appealing (and what he is not appealing):

(1) "Plaintiff acknowledges and agrees . . . that [Huddy] can not (sic) be sued for individual liability under Title VII . . . [thus] Plaintiff is not asserting an individual liability Title VII claim against [Huddy]", Appeal at 2-3 (emphasis omitted);

(2) "Plaintiff asserts . . . that . . . Adecco Group, N.A., can not (sic) be sued for liability under Title VII . . . [a]ccordingly . . . Plaintiff will not pursue Title VII claims against . . . Adecco Group, N.A.," *id.* at 3;

(3) "Plaintiff does not disagree with the portion of the [May 10 Order] that denied without prejudice Plaintiff's § 1981 claims against the Proposed Defendants," *id.* at 3-4 (emphasis omitted); and

(4) "Plaintiff asserts . . . that his Title VII claims against . . . 'Ingersoll Rand' relates (sic) back to his Original Complaint," *id.* at 4.

The first three appeal issues are statements agreeing with the May 10 Order. Thus the sole issue on appeal is whether Plaintiff's Title VII claim against Ingersoll Rand relates back to the original Complaint. Notably, Plaintiff did not

5

appeal the May 10 Order's correct determination that his "Title VII claims against the Proposed Defendants are . . . untimely -- and futile -- unless [he] can demonstrate that, pursuant to [Rule] 15(c), the Title VII claims relate back to his original complaint filed on May 9, 2016."[2] May 10 Order at 4-5. Rather, he appeals only the finding (as to Ingersoll Rand) that "[Plaintiff's] Title VII claims do not relate back to his original May 9, 2016 complaint." *Id.* at 5.

> The May 10 Order sets forth the proper legal standard:
>
> Under Rule 15(c)(1)(C), the following conditions must be met for an amended pleading to relate back to the original pleading: (1) the claim arises out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; and (3) the party to be brought in must or should have known that, but for a mistake concerning identity, the action would have been brought against it. Fed. R. Civ. P. 15(c)(1)(C); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1202 (9th Cir. 2014). The second and third criteria must have been fulfilled within the time provided for serving

---

[2] As the May 10 Order explained:

> It is well settled that a claimant has only ninety days within which to file a civil action after receipt of an [Equal Employment Opportunity Commission ("EEOC")] right-to-sue letter; otherwise, the claimant's suit is time-barred. McAllister alleges that he received his right to sue letters on May 12, 2016. The 90-day statute of limitations period thus expired on August 10, 2016. McAllister's Title VII claims against the Proposed Defendants are therefore untimely - and futile - unless McAllister can demonstrate that, pursuant to Federal Rule of Civil Procedure 15(c), the Title VII claims relate back to his original complaint filed on May 9, 2016.

May 10 Order at 4-5 (internal citations omitted).

6

> the summons and complaint under Federal Rule of Civil
> Procedure 4(m) (*i.e.*, 90 days after the complaint was
> filed).

May 10 Order at 5 (citations omitted). And the May 10 Order correctly states that "[Plaintiff] has the burden of demonstrating these relation back elements." *Id.* at 6 (citations omitted).

> Applying this standard, the May 10 Order found that:
>
> [Plaintiff's] claims cannot relate back to his Complaint
> because there is no evidence that [Ingersoll Rand] knew
> or should have known [Plaintiff] would have sued [it]
> originally but for mistakes concerning [its] identity. . . .
> The evidence available to the Court indicates that
> [Plaintiff] was well aware of the true identit[y] of
> Ingersoll Rand . . . much earlier in the case. *See e.g.*,
> ECF No. 2 (identifying . . . Ingersoll Rand in the
> Complaint); ECF No. 15 (identifying Trane as a
> "subsidiary co. [(sic)] of Ingersoll Rand" in the
> Summons); ECF No. 43 ([Plaintiff's] original and
> subsequently withdrawn First Amended Complaint[3]
> alleging claims against Ingersoll Rand . . . ).

*Id.* at 6-7.

Plaintiff contends that the May 10 Order is clearly erroneous. Relying on *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), Plaintiff argues that Ingersoll Rand "had notice of the suit within the period required by Rule 4(m) . . . [and] knew and should have known[] that Plaintiff . . . would have sued [it]

---

[3] Plaintiff filed a prior First Amended Complaint on November 7, 2016, ECF No. 43, which he then withdrew on November 17, 2016, *see* ECF No. 49.

originally, but for . . . mistakes made by . . . Plaintiff." *Id.* at 4-5 (emphasis omitted).

Plaintiff's reliance on *Krupski*, however, is not persuasive. In that case, the complaint "made clear that [the plaintiff] meant to sue the company that 'owned, operated, managed, supervised and controlled' the ship on which [the plaintiff] was injured," . . . and also indicated (mistakenly) that Costa Cruise performed those roles." 560 U.S. at 554. Because "Costa Crociere should have known, within the Rule 4(m) period, that it was not named as a defendant in that complaint only because of [the plaintiff's] misunderstanding about which 'Costa' entity was in charge of the ship," *Krupski* determined that the plaintiff's mistake was clearly one "concerning the proper party's identity" and therefore, an amended complaint against Costa Crociere would relate back to the original complaint. *Id.* at 554-55, 557.

Here, Plaintiff does not, and cannot, argue that he was mistaken about Ingersoll Rand's identity. As the May 10 Order states, Plaintiff alleged in the Complaint that Ingersoll Rand was a point of contact for Trane, ECF No. 2 at 5; identified Trane as a subsidiary of Ingersoll Rand in the Summons, filed on September 7, 2016, ECF No. 15; and alleged claims against Ingersoll Rand in the withdrawn First Amended Complaint, filed on November 7, 2016, ECF No. 43. A review of the record also shows that prior to withdrawing his initial First Amended

Complaint (1) on November 9, 2016, the Clerk issued a Summons to "Registered Agent CSC Services of Hawaii, at 1600 Pauahi Tower, 1003 Bishop Street, Honolulu, Hawaii 96813 (for Trane U.S. Inc., Ingersoll Rand, Inc., and Shawna Q. Huddy, et al.)"; (2) the Summons was returned on November 16, 2017, indicating that a summons for "Trane U.S. Inc." was received by the process server on November 15, 2016; and (3) the returned Summons indicated that on November 15, 2016, it was served on "Trane U.S. Inc. (Ingersoll Rand)" at 1003 Bishop Street, Suite 1600. ECF Nos. 45, 52.

Moreover, the Complaint asserted claims against Trane and Adecco, Plaintiff's alleged "joint employers," arising from Plaintiff's work at Trane. Nothing in the Complaint indicates that Plaintiff sought to assert claims against any other corporate entity, or that Ingersoll Rand was involved in any way with Plaintiff's employment at Trane.

Plaintiff urges the court, however, to consider a letter dated May 4, 2015 (the "May 4 letter"), from Ingersoll Rand's Assistant General Counsel to the executive director of the Hawaii Civil Rights Commission ("HCRC") that he argues establishes that Trane and Ingersoll Rand "streamlined their labor relations and personnel."[4]  Appeal at 5.  Because this letter is new evidence that was not

---

[4] The letter, which is photocopied onto page 5 of the Appeal, references an EEOC charge by Plaintiff against Trane, indicates that Ingersoll Rand's Assistant General Counsel will respond to the HCRC on behalf of Trane, and seeks an extension of time for its response. *Id.* at 5.

9

presented in his Motion for Leave to File Second Amended Complaint, it may not be considered in this appeal. *See Howell*, 231 F.3d at 621; *United States ex rel. Liotine*, 2013 WL 1611427, at *1. Nevertheless, even if the court were to consider the May 4 letter, nothing in that letter establishes that Ingersoll Rand knew or should have known, within the time period for service under Rule 4(m), that it would have been sued originally but for Plaintiff's mistake concerning its identity.[5]

The Complaint was filed on August 9, 2016. Pursuant to Rule 4(m), Plaintiff had ninety days, or until November 7, 2016, to serve the Complaint. Although the withdrawn First Amended Complaint was filed on November 7, 2016, there is no evidence that Ingersoll Rand was served, or was otherwise on notice that it was named as a defendant, by November 7, 2016. At best, the record shows that a Summons, that was later withdrawn, was served on Trane U.S. Inc. on November 15, 2016.

In sum, Plaintiff received his EEOC right-to-sue letter on May 12, 2016, and he had ninety days, or until August 10, 2016, to file a Title VII claim.

---

[5] Although a motion to amend generally falls within a magistrate judge's authority to determine non-dispositive matters under 28 U.S.C. § 636(b)(1)(A), "where an amendment is denied as futile, the ruling is akin to a motion to dismiss for failure to state a claim." *Slagowski v. Cent. Wash. Asphalt, Inc.*, 2014 WL 4887807, at *6 (D. Nev. Sept. 30, 2014) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). A motion to dismiss for failure to state a claim is expressly excepted under § 636(b)(1)(A), falls under § 636(b)(1)(B), and is subject to de novo review. *Id.* And in a de novo review, the court has discretion to consider new evidence. *See Howell*, 231 F.3d at 621. This is not an appeal of a motion to dismiss, but even if the court were to conduct a de novo review and consider the May 4 letter, Plaintiff would still not prevail.

Thus, Plaintiff's Title VII claim against Ingersoll Rand is time-barred, and therefore futile, unless it relates back under Rule 15(c) to the Complaint filed on August 9, 2016.  And as set forth above, Plaintiff's Title VII claim against Ingersoll Rand does not relate back to the Complaint.  Accordingly, Plaintiff has not met his burden to show that the May 10 Order is clearly erroneous or contrary to law.

## V. **CONCLUSION**

Based on the foregoing, the court DENIES Plaintiff's Appeal and AFFIRMS the May 10 Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 29, 2017.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*McAllister v. Adecco USA Inc., et al.*, Civ. No. 16-00447 JMS-KJM, Order Denying Plaintiff's Appeal and Affirming Magistrate Judge's May 10, 2017 Order