IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIS C. MCALLISTER, | CIV. NO. 16-00447 JMS-KJM |
|---|---|
| Plaintiff, | ORDER: (1) ADOPTING THE FINDINGS AND RECOMMENDATION TO GRANT TRANE U.S. INC.'S MOTION FOR ENTRY OF TERMINATING SANCTIONS; AND (2) DENYING PLAINTIFF'S APPEAL OF THE ORDER DENYING PLAINTIFF'S COUNTER MOTION, ECF NO. 330 |
| vs. | |
| ADECCO GROUP N.A.; TRANE SUPPLY CO.; CURTIS L. BRUNK; GARRETT MOCK, | |
| Defendants. | |

**ORDER: (1) ADOPTING THE FINDINGS AND RECOMMENDATION TO GRANT TRANE U.S. INC.'S MOTION FOR ENTRY OF TERMINATING SANCTIONS; AND (2) DENYING PLAINTIFF'S APPEAL OF THE ORDER DENYING PLAINTIFF'S COUNTER MOTION, ECF NO. 330**

## I. INTRODUCTION

On February 28, 2018, Magistrate Judge Kenneth J. Mansfield issued a Findings and Recommendation ("F&R") to grant Defendant Trane U.S. Inc.'s ("Trane") Motion for entry of terminating sanctions, and an Order denying Plaintiff Willis C. McAllister's ("Plaintiff") Counter Motion for terminating sanctions against Trane. ECF No. 330. On March 14, 2018, Plaintiff filed an Appeal objecting to all findings and contending that the law was misapplied. ECF No. 331. The court construes the Appeal as both an Objection to the F&R and an Appeal of the Order denying Plaintiff's Counter Motion.

Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing. For the reasons discussed below, the court ADOPTS the F&R, DISMISSES Plaintiff's claims against Trane, and DENIES Plaintiff's Appeal.

## II. STANDARDS OF REVIEW

### A. Objections to F&R

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

### B. Appeal of Order

Any party may appeal to the district court any pretrial nondispositive matter determined by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); LR 74.1. Such an order may be reversed by the district court judge only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); LR 74.1. The threshold of the "clearly erroneous" test is high and significantly

deferential. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *Matthews v. Chevron Corp.,* 362 F.3d 1172, 1180 (9th Cir. 2004); *Hasegawa v. Hawaii*, 2011 WL 6258831, at *1 (D. Haw. Dec. 14, 2011).

### III. BACKGROUND

**A.  Factual and Procedural Background**

Plaintiff initiated this action on August 9, 2016. ECF No. 1. The F&R includes a recitation of the relevant events leading up to the recommendation to impose terminating sanctions that this court need not repeat in detail here. *See* F&R at 2-8. Rather, the court summarizes those events.

Trane sent Plaintiff its initial request for production of documents on March 22, 2017. ECF No. 142. After Trane deemed Plaintiff's initial response to be inadequate, Magistrate Judge Mansfield held a discovery hearing, during which "Plaintiff represented . . . that he had approximately 300 documents in his possession in a box, at his residence, that were responsive to Trane's Documents Request." F&R at 3. Magistrate Judge Mansfield ordered Plaintiff to produce those documents by June 23, 2017. *Id.*; ECF No. 214. Additionally,

> Trane agreed to pay for copying charges based on
> Plaintiff's representation that his production consisted of
> approximately 300 documents. The Court also informed
> Plaintiff that any objections to Trane's Documents
> Request were waived. Thus, the Court informed the
> parties this it anticipated that Plaintiff would produce all
> documents responsive to Trane's Documents Request,
> and that the parties and the Court could move past the
> discovery issue after June 23, 2017.

F&R at 3.

Thereafter, Plaintiff delivered nearly 9,000 pages of non-responsive documents to a copying service, which charged Trane $2,698.02. *See* ECF No. 247 at 2-3. Trane sought expedited discovery assistance; a hearing was held, and on August 14, 2017, Magistrate Judge Mansfield issued an Order addressing discovery issues (the "August 14 Order"). ECF Nos. 246, 247, 250. The August 14 Order explained that Magistrate Judge Mansfield had "reviewed a sampling of the documents" Plaintiff had submitted to the copying service and determined that they "consist[ed] of instructions on personal hygiene, and indiscernible equations and formulas that appear[ed] wholly unrelated to this action." August 14 Order at 6, ECF No. 250; *see also* ECF No. 247 at 7-14. The August 14 Order found Plaintiff's production to be "a willful violation of [the] June 8, 2017 Order to produce the documents in his possession that are responsive to Trane's Documents Request." August 14 Order at 6. Thus, Plaintiff was ordered, in part, to:

4

(1) produce all responsive documents by August 28, 2017; (2) pay Trane's reasonable expenses in making the expedited discovery request; and (3) reimburse Trane the $2,698.02 it spent to copy the nearly 9,000 pages of unresponsive documents Plaintiff submitted to the copying service. *Id.* at 9-10. The August 14 Order warned Plaintiff that the court would "entertain a motion for terminating sanctions by Trane if [he] continues to circumvent his obligation to fully comply with his discovery obligations and this Court's orders." *Id.* at 7.

Plaintiff again failed to produce responsive documents. Instead, Plaintiff filed six meritless discovery motions, each of which was denied based on Plaintiff's (1) failure to meet the applicable legal standard, (2) misunderstanding of the court's prior orders, and/or (3) failure to meet and confer. F&R at 6 (citing ECF Nos. 252, 254, 263, 264, 272, 295, 299, 300).

On October 2, 2017, Trane filed its Motion for Terminating Sanctions. ECF No. 290. On December 12, 2017, Plaintiff filed a Response, in which he does not dispute his non-compliance with discovery or Magistrate Judge Mansfield's orders, but moves for terminating sanctions against Trane. *See* ECF No. 308. On January 5, 2018, Magistrate Judge Mansfield set the reasonable expenses related to the denial of Plaintiff's meritless discovery motions, ordering Plaintiff to pay Trane a total of $8,096.00 in discovery sanctions. ECF No. 318. On appeal, this

5

court affirmed the denial of Plaintiff's motions and the January 5, 2018 Order. *See* ECF No. 327.

**B.     The F&R and Order**

On February 28, 2018, Magistrate Judge Mansfield issued an: (1) F&R to impose terminating sanctions against Plaintiff and dismiss Plaintiff's claims against Trane ("F&R"); and (2) Order denying Plaintiff's Counter Motion for terminating sanctions against Trane ("Order").  ECF No. 330.

The F&R recognized the five-part test courts consider when determining whether to dismiss a case for failure to comply with court orders set forth in *In re Phenylpropanolamine ("PPA") Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) and *Connecticut General Life Insurance Company v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007):

> "(1) the public's interest in expeditious resolution  of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In considering the fifth part of the foregoing test, the Ninth Circuit urges district courts to [(1)] "explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate"; (2) explain how it has "implemented alternative methods of sanctioning or curing the malfeasance before ordering dismissal"; and (3) "warn the plaintiff of the possibility of dismissal before actually ordering dismissal."

6

F&R at 9. The F&R also explained that "[t]he sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* (quoting *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096).

Applying the factual history of this case to the five-part test, the F&R found that:

(1) "Plaintiff's delay" of nearly one year in producing all responsive documents requested by Trane and "refus[al] to cooperate" with the court's "numerous attempts" to get discovery moving "impedes the expeditious resolution of this litigation." F&R at 10;

(2) The court "has been inundated with wasteful pretrial activities, including the need for expedited discovery assistance" due to "Plaintiff's failure to participate in discovery" and filing of "numerous pretrial motions, many of which were frivolous and in violation of this district's local rules. . . . Plaintiff's delay in producing the requested documents is unreasonable, and his actions . . . have resulted in an unmanageable docket." *Id.* at 11-12;

(3) The court provided Plaintiff "multiple extensions to produce" the requested discovery and "ordered Plaintiff to produce responsive documents on more than one occasion." *Id.* at 12-13. Plaintiff's refusal "prejudice[s] Trane . . .

7

[and] interferes with the rightful decision of the case" because the court "is unable to get to the merits." *Id.*;

(4) The court's prior "imposition of less drastic sanctions . . . was patently ineffective." *Id.* at 13. Despite the court's warning that terminating sanctions could result "if Plaintiff continued to circumvent his obligation to fully comply with his discovery obligations and this Court's orders . . . Plaintiff has not produced the 300 responsive documents he represented to the Court that he had in his possession . . . nor has he paid" previously imposed discovery sanctions of $6,543.62. *Id.* at 13-14. Further, the court "recently awarded Trane $8,096.00 in discovery sanctions." *Id.* at 14. In short,

> Plaintiff continues to ignore this Court's orders to provide Trane with the discovery requested in Trane's Documents Request, to meet and confer with Trane before filing discovery motions, and to pay sanctions for his denied discovery motions. . . . Plaintiff's refusal to participate in discovery and his over-all disruptive discovery practice has clogged the Court's docket, protracted this litigation, and prevented Trane from conducting meaningful discovery. . . . Plaintiff does not dispute or attempt to excuse or justify his non-compliance. Plaintiff simply continues to willfully disobey this Court's orders and refuses to cooperate in this action.

*Id.* at 14-15. Thus, additional "lesser sanctions in this action are not feasible. *Id.* at 15.

Based on these findings, Magistrate Judge Mansfield recommended that this court grant Trane's Motion for terminating sanctions and dismiss Plaintiff's claims against Trane. *Id.* at 15. Magistrate Judge Mansfield then denied Plaintiff's Counter Motion, finding that Plaintiff had misread prior discovery orders and news reports about the law firm representing Trane in other districts, and had failed to provide any factual or legal basis for imposition of sanctions against Trane. *Id.* Finally, Magistrate Judge Mansfield determined that even if the court "were to apply the same five-factor test . . . each . . . factor[] militates against imposing terminating sanctions on Trane." *Id.* at 16.

## IV. **DISCUSSION**

Plaintiff "objects to all of the adverse findings . . . as set forth in ECF #330," contending that "they are clearly erroneous, and/or an abuse of the Court's discretion, that is the result of this Court's incomplete/one sided analysis of facts, it's [(sic)] incomplete/one sided misapplication of the 'controlling' case law precedents, and that these actions by the Court, do not comport with due process." Appeal at 2-3. Plaintiff does not explain why any particular finding is erroneous or in what way the court misapplied controlling law.

///

///

///

## A. Applying a De Novo Standard, Terminating Sanctions are Warranted and Just

The Ninth Circuit applies a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just, weighing:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The subparts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

*Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096 (footnote, citation, and quotation marks omitted); *see also Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) (applying factors for failure to participate in pretrial matters and sanctioning pursuant to Rule 16 (including failure to obey a pretrial order)). "[T]he most critical factor is not merely delay or docket management concerns, but truth, i.e., whether the discovery violations threaten to interfere with the rightful decision of the case." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096 (quotation marks and citation omitted). *But see Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) ("Thus the key factors are prejudice and availability of lesser sanctions."). The test "provides the district court with a way to think about what to do, not a set of

10

conditions precedent for sanctions or a script that the district court must follow." *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096. The court considers each of these factors.

First, the public's interest in expeditious resolution of litigation strongly favors imposition of terminating sanctions in this case. "[T]he public has an overriding interest in securing 'the just, speedy, and inexpensive determination of every action' [and the] [o]rderly and expeditious resolution of disputes is of great importance to the rule of law." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227 (quoting Fed. R. Civ. P. 1). Plaintiff was well aware of his discovery obligations and his obligations to comply with court orders compelling him to produce responsive documents. Rather than participate in discovery in good faith, Plaintiff engaged in meritless motion practice that delayed forward progress of this case for nearly a year and unreasonably prevented resolution of the merits of his claims.

Second, the court must "manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *Id.* Magistrate Judge Mansfield entered several orders requiring Plaintiff to produce discovery and participate in the discovery process in accordance with applicable rules. Plaintiff's willful refusal to follow these orders and instead file numerous frivolous pretrial motions and appeals stalled disposition

11

of this action and unreasonably wasted the court's and the parties' time. Thus, this factor weighs strongly in favor of imposition of terminating sanctions.

Third, a defendant suffers prejudice when the "plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Unreasonable delay or a litigant's failure to produce documents as ordered may constitute prejudice." *Valvanis v. Milgroom*, 2008 WL 5412420, at *11 (D. Haw. Dec. 30, 2008) (citing *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227). For nearly a year, Trane has sought, and Magistrate Judge Mansfield has ordered Plaintiff to produce responsive documents that Plaintiff represented were in his possession. Plaintiff's failure to produce such documents, coupled with his filing of numerous meritless motions has unreasonably delayed resolution of his claims against Trane. Absent imposition of terminating sanctions, Trane will remain in limbo, not knowing when or even if claims against it will ever be resolved on the merits. Thus, the court finds that Trane will suffer prejudice if the court does not impose terminating sanctions.

Fourth, Plaintiff's refusal to participate in the discovery process in good faith severely interferes with the rightful decision of this case. Absent Plaintiff's production of responsive documents and participation in the discovery

12

process in good faith, the court is simply unable to address the merits of his claims. Thus, this factor weighs strongly in favor of imposing terminating sanctions.

Fifth, Magistrate Judge Mansfield tried imposing imposed lesser sanctions — Plaintiff was ordered to reimburse Trane's reasonable expenses and copying costs — and warned Plaintiff that he would consider imposition of terminating sanctions if Plaintiff continued to circumvent his obligation to fully comply with discovery obligations and court orders. Nevertheless, Plaintiff has not yet produced the 300 responsive documents he claims to possess, nor has he paid the monetary sanctions imposed by Magistrate Judge Mansfield. In short, Plaintiff continues to ignore the court's orders and shirk his discovery obligations. This, coupled with his penchant for filing meritless, disruptive pretrial motions, has prevented the court from efficiently managing its docket, prevented Trane from conducting meaningful discovery, delayed litigation unreasonably, and prevented any possibility of resolving this case on the merits. In light of Magistrate Judge Mansfield's prior consideration and imposition of lesser sanctions, his warnings to Plaintiff that continued refusal to cooperate in good faith could result in terminating sanctions, and Plaintiff's continued refusal to cooperate, the court finds that imposition of additional lesser sanctions would be futile and therefore are not feasible. Thus, this factor also weighs strongly in favor of imposition of terminating sanctions.

Accordingly, this court finds that imposition of terminating sanctions against Plaintiff and dismissal of Plaintiff's claims against Trane is warranted and just.

**B.	Applying a Clearly Erroneous or Contrary to Law Standard, Plaintiff's Appeal is Denied**

After careful review, the court agrees that Plaintiff's Counter Motion is "based on a misreading of [Judge Mansfield's] previous discovery orders . . . and news reports concerning the law firm representing Trane in other districts." Order at 15. The court further finds that Magistrate Judge Mansfield's determination that Plaintiff failed to provide any factual or legal basis for sanctions, let alone terminating sanctions, against Trane is both factually and legally correct. That is, his Order was neither "clearly erroneous" nor "contrary to law."

///

///

///

///

///

///

///

///

## V. CONCLUSION

Based on the foregoing, the court ADOPTS the Findings and Recommendation to grant Trane's Motion for terminating sanctions, DISMISSES Plaintiff's claims against Trane, and DENIES Plaintiff's Appeal of the Order denying his Counter Motion for terminating sanctions against Trane. Plaintiff's claims against Adecco USA Inc. and Curtis L. Brunk remain.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 19, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*McAllister v. Adecco Grp. N.A., et al.*, Civ. No. 16-00447 JMS-KJM, Order: (1) Adopting the Findings and Recommendation to Grant Trane U.S. Inc.'s Motion for Entry of Terminating Sanctions; and (2) Denying Plaintiff's Appeal of the Order Denying Plaintiff's Counter Motion, ECF No. 330