IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WILLIS C. MCALLISTER, | CIV. NO. 16-00447 DKW-KJM |
|---|---|
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| ADECCO GROUP N.A., *et al.*, | |
| Defendants. | |

## I. **INTRODUCTION**

Before the Court is pro se Plaintiff Willis C. McAllister's Motion for Reconsideration. ECF No. 400. The Court finds this matter suitable for disposition without a hearing, pursuant to Local Rule 7.2(d). For the reasons discussed below, McAllister's Motion for Reconsideration is DENIED.

## II. **BACKGROUND**

On November 21, 2018, this Court granted Defendants' Motion for Summary Judgment ("November 21 Order"), and the Clerk entered Judgment. ECF Nos. 396, 397. On December 5, 2018, McAllister filed the instant Motion for Reconsideration of the November 21 Order, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(6). ECF No. 400. On December 16, 2018, McAllister

filed a Notice of Appeal of multiple rulings, including the November 21 Order and Judgment. ECF No. 401.

### III. **DISCUSSION**

**A.    Jurisdiction**

Because McAllister appealed the November 21 Order and Judgment, along with other rulings in this case, the Court must first determine whether it has jurisdiction to address McAllister's Motion. Generally, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citation omitted) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). An exception to this general rule is that a notice of appeal does not divest a district court of jurisdiction to rule on a timely-filed motion for reconsideration. *See United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)).[1]

---

[1]Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment — but before it disposes of [a motion for reconsideration under Federal Rules of Civil Procedure 59 or 60] — the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

2

Here, Plaintiff timely filed his Motion for Reconsideration, pursuant to Rules 59(e) and 60(b), prior to filing his Notice of Appeal. Thus, the Court retains jurisdiction to rule on the Motion.

**B.      Standard of Review**

A district court can reconsider final judgments or orders pursuant to Federal Rules of Civil Procedure 59(e) (governing motions to alter or amend judgments) or 60(b) (governing motions for relief from a final judgment). *See Sch. Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A motion for reconsideration filed within twenty-eight days of entry of judgment is considered under Rule 59(e); a later-filed motion is considered under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). Because McAllister filed his Motion within twenty-eight days of judgment, the Court analyzes his motion pursuant to Rule 59(e).[2]

Under Rule 59(e), reconsideration may be appropriate "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."

---

[2]The standards for reconsideration under Rules 59(e) and 60(b) are substantially similar. *See United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Thus, even if the court considered the Motion under Rule 60(b), the result would be the same.

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).

Mere disagreement with a previous order is not a sufficient basis for reconsideration. *White v. Sabatino*, 424 F. Supp. 2d. 1271, 1274 (D. Haw. 2006); *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). And although a "district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)[,]" *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003), "amending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly,'" *Allstate Ins. Co.*, 634 F.3d at 1111.

**C.    Reconsideration**

McAllister appears to argue that reconsideration of the November 21 Order is necessary to correct clear error set forth in footnote 2. Footnote 2 stated:

> Plaintiff's "corrected" Concise Statement of Facts ("CSF"), ECF No. 380, includes largely conclusory allegations and legal argument, is non-responsive to or does not materially contradict Defendants' facts, and is unsupported by authenticated or admissible evidence such as declarations, depositions, answers to interrogatories, or authenticated documents, as required by Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. Similarly, Plaintiff's "corrected" "Schedule of Adverse Employment Actions," ECF No. 382, asserts unsupported conclusory allegations and legal argument, and the numerous attached exhibits are unauthenticated and, in some instances, unidentifiable. Because Plaintiff does not controvert the material facts set forth in Defendants' CSF, they are deemed admitted. *See* Local

4

> Rule 56.1(g). Thus, where appropriate, the Court cites to
> Defendants' CSF and admissible evidence in the record
> for the relevant facts.

McAllister contends that the Court erred when it determined that his exhibits were unauthenticated because they "came directly from the Defendants and or the EEOC." Mot. at 5. McAllister further contends that the Court erred when it determined that he failed to controvert Defendants' material facts because his opposition briefing "is saturated with disputed issues of fact." *Id.* at 4. The Court addresses these arguments in turn.

First, McAllister's argument that his exhibits are authenticated simply because he received them from Defendants and/or the EEOC is without merit. To authenticate a document, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The required foundation may be established through personal knowledge or any other method set forth in Federal Rules of Evidence 901(b) and 902. *See Orr v. Bank of America*, 285 F.3d 764, 773-74 (9th Cir. 2002) (citing Fed. R. Evid. 901(b) (providing ten approaches to authentication) and Fed. R. Evid. 902 (providing that self-authenticating documents do not require extrinsic foundation)).

Here, McAllister does not contend that his exhibits are authenticated in accordance with Rules 901 and 902. Nor could he. McAllister neither identified the documents included in his exhibits nor produced evidence through personal

knowledge or any other method set forth in Rules 901 and 902 to support a finding regarding the documents' authenticity. Thus, the Court did not err in finding that his documents were unauthenticated. In any case, even though not authenticated by McAllister, to the extent Defendants authenticated and submitted into the record portions of the same documents, the Court considered and cited to that material. *See* November 21 Order n.2 ("[W]here appropriate, the Court cites to . . . admissible evidence in the record for the relevant facts.").

Second, McAllister's argument — that the Court erred in finding that he failed to controvert Defendants' material facts — is also without merit. As the Court explained in the November 21 Order, McAllister's opposition briefing includes "largely conclusory allegations and legal argument," as well as "facts" that are "non-responsive to or do[] not materially contradict Defendants' facts." November 21 Order n.2.

McAllister disagrees, arguing that his opposition "is saturated with disputed issues of fact." Mot. at 4. McAllister further argues that his opposition incorporates his motions to compel discovery, ECF Nos. 358 and 359, which are "directly responsive to, and address[] each point of Defendants' Motion for Summary Judgment." Mot. at 4. But neither here, nor in opposition to summary judgment, did McAllister identify any specific factual allegation in his opposition or motions to compel, supported by authenticated evidence, that is directly

responsive to Defendants' facts. And because McAllister did not assert allegations of specific material facts in response to Defendants' facts, the Court did not err in determining that McAllister failed to controvert the material facts set forth by Defendants.

In sum, McAllister has failed to set forth a basis for reconsideration, much less facts or law of a strongly convincing nature to induce the Court to reconsider its prior decision. That is, McAllister has failed to show that the November 21 Order contains clear errors or that it will result in manifest injustice. McAllister's disagreement with the Court's analysis and ruling is insufficient to warrant reconsideration. *White*, 424 F. Supp. 2d. at 1274; *Haw. Stevedores, Inc.*, 363 F. Supp. 2d at 1269.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the Court DENIES McAllister's Motion for Reconsideration of the Court's Order Granting Defendants' Motion for Summary Judgment (ECF No. 400).

IT IS SO ORDERED.

DATED: December 19, 2018 at Honolulu, Hawaii.



Derrick K. Watson
United States District Judge

---

*McAllister v. Adecco Grp. N.A., et al.*, Civ. No. 16-00447 DKW-KJM, **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**